UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GREGORY WEAVER, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 22-cv-03108 |
| OSMOSE UTILITIES SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

**NOW COMES,** Osmose Utilities Services, Inc. ("Defendant"), by and through its attorneys, Fisher & Phillips LLP, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits this Notice of Removal to remove this matter from the Circuit Court of the Fourth Judicial Circuit in Marion County, Illinois (which is now pending as Case No. 2022LA37) to the United States District Court for the Southern District of Illinois. In support of its Notice of Removal, Defendant states as follows:

1. On or about October 7, 2022, Plaintiff, Gregory Weaver ("Plaintiff"), filed a Complaint in the Circuit Court of the Fourth Judicial Circuit in Madison County, Illinois captioned as follows: *Gregory Weaver v. Osmose Utilities Services, Inc.*, Case No. 2022LA37 ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and Acknowledgment of Receipt of Summons and Complaint are attached hereto as **Exhibit A**.

2. Plaintiff's counsel emailed counsel for Defendant a copy of the Complaint on November 8, 2022, and a copy of Acknowledgement of Receipt of Summons and Complaint on November 28, 2022. On December 12, 2022, Defendant executed an Acknowledgment of Receipt

of Summons and Complaint. Defendant has filed this Notice of Removal within thirty days of Defendant executing the Acknowledgement of Receipt of Summons and Complaint. The Notice of Removal is, therefore, timely under 28 U.S.C. § 1446(b)(2).

3. Plaintiff has not served upon Defendant any other process, pleadings, or orders. Defendant has not taken any action in the State Court Action.

### This Court Possesses Diversity Jurisdiction

4. The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332 based upon the complete diversity between the parties.

5. Plaintiff and Defendant are citizens of different states. As stated in Plaintiff's Complaint in the State Court Action, Plaintiff is a citizen of the State of Illinois. (Compl. ¶ 11.) Here, Defendant is not a citizen of Illinois. *See Schumacher v. Sterigenics U.S., LLC*, 394 F.Supp.3d 837, 846 (N.D. Ill. 2019) (noting that a limited liability company's "citizenship tracks that of each of its members as of the date a notice of removal was filed"). Defendant is a Delaware corporation whose principal place of business is located at 635 Highway 74 S., Peachtree City, Georgia 30269. (Compl. ¶ 12; Declaration of Katherine Morrill ("Morrill Decl."), attached hereto as **Exhibit B**, ¶ 4.) For purposes of diversity jurisdiction under 28 U.S.C. §1332(a), Osmose is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c)(1).

### The Amount in Controversy
### Exceeds $75,000, Exclusive of Interest and Costs

6. The party seeking removal based on complete diversity between the parties must also establish by a preponderance of the evidence that the amount in controversy is over $75,000. *See Domingo v. Prudential Ins. Co. of America*, 2020 WIL 6545059, *5 (N.D. Ill. 2020). "When a defendant removes to federal court … its plausible and good faith estimate of the amount in

controversy establishes jurisdiction unless it is a 'legal certainty' that the plaintiffs' claim is for less than the requisite amount." *See id.* at \*6, *citing Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 859 (7th Cir. 2018). "[U]nless recovery of an amount in controversy exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). The amount in controversy here exceeds $75,000.

7. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, inasmuch as Plaintiff's Complaint seeks lost wages, treble liquidated damages, and attorneys' fees.[1] (Compl. ¶¶ 63, 70.)

8. *Lost Wages*. Plaintiff alleges to have worked as a Crew Member for Osmose in Illinois from September 2018 through March 2019 and again from October 2020 through January 2021 (i.e. approximately 47.57 weeks). During that time period, Plaintiff earned $15.50 per hour and averaged approximately 36.3 hours worked each week. (Morrill Decl. ¶¶ 6, 7.) Plaintiff alleges in his Complaint that Crew Members worked up to 7 days per week and up to 10 hours per day, or up to 70 hours per week, but were not clocked in and paid for certain tasks, such as travel time, trash removal, cleaning the truck, and unloading equipment. (Compl. ¶¶ 20-22, 28-36.) Plaintiff accordingly purports to have worked approximately 175.53 unpaid straight time hours and 1,427.1 unpaid overtime hours. As such, Plaintiff alleges to be owed up to $2,720.72 in unpaid straight time (calculated by multiplying $15.50 by purported unpaid straight time hours) and $33,180.08 in overtime (calculated by multiplying $23.25 by purported unpaid overtime hours).

---

[1] By acknowledging this matter satisfies the "amount in controversy" requirement, Defendant in no way suggest or admit Plaintiff is entitled to any damages. To the contrary, Defendant denies Plaintiff is entitled to any damages.

9. *Treble Damages.* In addition to lost wages, Plaintiff seeks treble damages for purported underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid pursuant to 820 Ill. Comp. Stat. Ann. 105/12. (Compl. ¶ 63.) Treble the amount of Plaintiff's purported unpaid and overtime amounts is equal to an additional $71,801.60.

10. *Attorneys' Fees.* Finally, Plaintiff's request for attorneys' fees is considered when calculating the amount in controversy. *See Gardynski-Leshuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) ("Legal fees may count toward the amount in controversy. . .").

11. Based on these combined damages – lost wages, treble damages, damages of 5% of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, and attorneys' fees – there can be little dispute that the amount in controversy more likely than not exceeds the statutory requirement for federal jurisdiction.

## Venue

10. Removal is proper to the United States District Court for the Southern District of Illinois because this federal district encompasses Marion County, Illinois, where the State Court Action was filed.

11. Defendant hereby consents to this matter being removed as required by 28 U.S.C. § 1446(b)(2)(A).

12. Defendant states that a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Marion County, Illinois, promptly after Defendant has filed this Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

Dated: December 28, 2022.　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jason D Keck*
　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Defendant

**FISHER & PHILLIPS LLP**

Jason D Keck
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061
jkeck@fisherphillips.com

Matthew R. Simpson
Georgia Bar No. 540260*
msimpson@fisherphillips.com
JonVieve D. Hill
Georgia Bar No. 907946*
jhill@fisherphillips.com
FISHER & PHILLIPS, LLP
1230 Peachtree Street NE, Ste 3300
Atlanta, GA 30309
Telephone: (404) 231-1400
Facsimile:  (404) 240-4249
**Pro Hac Vice* Application Forthcoming

5

## **CERTIFICATE OF SERVICE**

      I certify that, on December 28, 2022, I served the foregoing Notice of Removal by First Class U.S. mail, postage pre-paid, and email, upon:

>Jason T. Brown
>Nicholas Conlon
>BROWN, LLC
>111 Town Square Place, Suite 400
>Jersey City, NJ 07310
>jtb@jtblawgroup.com
>nicholasconlon@jtblawgroup.com

>*/s/ Jason D Keck*
>One of the Attorneys for Defendant

Jason D Keck
**FISHER & PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061
jkeck@fisherphillips.com